1

2

3

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

4

5

6

7

8

9

10

11

LARRY PEARL, et al.,

           Plaintiffs,

   v.

COINBASE GLOBAL, INC., et al.,

           Defendants.

Case No. 22-cv-03561-MMC

**ORDER GRANTING DEFENDANTS'
MOTION TO STAY DISCOVERY**

Re: Dkt. No. 61

12

13

14

15

16

17

18

19

20

     Before the Court is defendants Coinbase Global, Inc. and Coinbase, Inc.'s (collectively, "Coinbase") Motion, filed May 22, 2024, "to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss and Motion to Strike Class Allegations." On June 5, 2024, plaintiff Larry Pearl ("Pearl") filed opposition, to which Coinbase, on June 12, 2024, replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court determines the matter appropriate for disposition on the parties' written submissions, VACATES the hearing scheduled for July 12, 2024, and rules as follows.

21

22

23

24

25

26

27

28

     A "district court has wide discretion in controlling discovery." See Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988). "Courts in this district have applied a two-pronged test to determine whether discovery should be stayed pending resolution of a dispositive motion." See Garcia v. Experian Info. Solutions, Inc., 2024 WL 1117912, at *1 (N.D. Cal. Mar. 13, 2024). First, the "pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed," and second, "the court must determine whether the pending motion can be decided absent additional discovery." See id. (internal quotations and citation omitted).

United States District Court
Northern District of California

1   In the instant case, although plaintiff disputes defendants' assessment of the

2   strength of the motion to dismiss and motion to strike, he does not disagree that those

3   motions are potentially dispositive, nor has he identified any particular discovery he

4   needs in order to meaningfully respond.[1] (See Pl.'s Opp'n. to Def.'s Mot. to Stay, Doc.

5   No. 62.) Further, the Court, having taken a "preliminary peek" at the merits of said

6   motions, finds defendants have made a sufficient showing to warrant the protection they

7   seek. See Tradebay, LLC v. eBay, Inc., 278 F.R.D. 597 (2011) (noting "the purpose of a

8   Rule 12(b)(6) motion is to enable a [d]efendant to challenge the legal sufficiency of a

9   complaint without subjecting itself to discovery").

10   Accordingly, the motion to stay is hereby GRANTED.

12   **IT IS SO ORDERED.**

14   Dated: June 17, 2024

15   MAXINE M. CHESNEY
United States District Judge

---

[1] Although plaintiff argues the discovery sought in the instant action is not burdensome, defendants disagree, and in any event, burden is not part of the test the Court has applied here.